## WEIDMAN SILK DYEING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4500.

Circuit Court of Appeals, Third Circuit.

Aug. 11, 1931.

Rehearing Denied Nov. 10, 1931.

James C. Peacock, of Washington, D. C., and C. E. Koss, of New York City (Proskauer, Rose & Paskus, of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge.

In this appeal by a taxpayer from a decision of the Board of Tax Appeals, it appears that the Weidman Silk Dyeing Company, a corporation of New Jersey, owned all the stock of the Lehigh Silk Dyeing Company, a corporation of Pennsylvania. The two companies being thus affiliated, a joint return of their net income resulting from their manufacturing operations was made for the taxes of 1922. This return was held illegal by the Tax Board, and whether it was so is the question here involved.

To justify its decision, the Tax Board held the Arena Trading Company, a Delaware corporation, "was also affiliated with the petitioner and the Lehigh Silk Dyeing Company," and that "the income of the Arena Trading Company, the parent company of the affiliated group, was reported in a separate individual return." It therefore held that, there having been a return

724

made by one of an affiliated group, the remaining members of the group could not make a consolidated return. Assuming, for present purposes, the correctness of this conclusion on such assumption of facts, a study of the proofs and pleadings fails to disclose any support. for the assumption made.

The Delaware corporation was not the parent or "holding company" of the taxpaying company. True, it held some, but not all, or even a majority, of the stocks of the New Jersey and Pennsylvania companies. It neither had, nor attempted to exercise, any control over, or participation in, their operations or management. In the same way that it owned some of the stock of these two companies, it also held the stocks and securities of other corporations and utilities, with each of which it could be as well contended it was affiliated, or was a holding company, as with the companies here concerned. Indeed, its relation to all the companies whose stocks it held is more fittingly defined as that of an investment, rather than a holding or affiliated, company.

Seeing, then, there was no basis of proof or fact to support the action of the Tax Board and that the Delaware Company was not in the sense of the statute affiliated with the New Jersey and Pennsylvania corporations, its holding is reversed, and the record remanded for procedure in accord herewith.